CüRiA-, per O’Neall, J.
The ground taken in the argument, that these cases were referred to arbitration by the agreement of the parties, and not by rule of court, would have been, if presented to the Circuit Court an insurmountable objection to the confirmation of the award. But no such ground appears to have been then taken. Indeed, the order of confirmation recites a reference by rule, and the report of the judge below notices only a single ground on which the confirmation of the award was opposed. I do not, therefore, think that the party can now make that objection, but I agree with the appellant, that the award in the present state of the pleadings, in the cases, cannot be confirmed. In two of the cases, Wilson is the plaintiff, and in another, Parnell is the plaintiff against other defendants. In the cases to which Wilson is a party, one of them is a summary process against M’Kagin: in the other case, he is plaintiff, and Parnell is defendant: this last case is an action of assumpsit: the other is an action of trover. The other casé between Parnell and other defendants is an action *381 of trespass. As to this case, and the summary process in trover, the award does not touch them, in terms, and of course cannot be made a judgment in them. In the action of assumpsit between Wilson and Parnell, there is no discount which would alone justify the court in giving a judgment for a sum of money in favor of the defendant. 1 agree with the judge below, that “ arbitrators are not bound by technical rules in the formation of their award; ” but notwithstanding this is the case, as to the arbitrators themselves, still the court cannot give effect to their award, as a judgment, if it violates the rules by which the court is governed in the rendition of its own judgments. It may be, and I think it is so, that Parnell will be entitled to recover the amount awarded in his favor by an action on the bond of Wilson. So, too, it may be, that by • pleading the award in bar of the cases in which Wilson is plaintiff, he may prevent a recovery in them. '
The motion to reverse the decision of the judge below, and to set aside the order, confirming the award, is granted; and the defendants, Parnell and M’Kagin, have leave, if they choose to do so, to plead puis darrein continuance the award in bar of the actions of Samuel Wilson v. Carma Parnell, and Samuel Wilson v. John W. P. M'Kagin.
Evans, Earle and Butler, Justices, concurred.